IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN REYNOLDS,                            *
       Plaintiff,
  v.                                      *   CIVIL ACTION NO. DKC-13-0824

J. MICHAEL STOUFFER, et al.,              *
       Defendants.
                               ***

## MEMORANDUM OPINION

Pending is a Motion to Dismiss or for Summary Judgment filed by Defendants Michael Stouffer, Bobby P. Shearin, and Dale Smith. ECF No. 12. Plaintiff has responded.[1] ECF Nos. 14 & 15. Upon review of papers and exhibits filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, the dispositive motion will be granted.

## Background

Plaintiff John Reynolds, a state inmate confined at the North Branch Correctional Institution ("NBCI"), complained that he is housed on the segregation tier where windows in each cell are sealed shut, preventing proper ventilation of his cell. He indicates that on several occasions in February of 2013, while locked in his cell, he began to feel the effects of mace/pepper spray which had been deployed elsewhere in the building but which was drawn into his cell by an intake vent. Plaintiff indicates that on each occasion he advised tier officers that he was having difficulty breathing due to the pepper spray and asked for his window to be opened to allow fresh air into his cell. Plaintiff states that he was advised that the window would not be opened, the pepper spray would clear itself, and if he needed medical attention he should submit a sick call slip. ECF No. 1.

---

[1] Plaintiff has filed a "Motion for Summary Judgment in Response to Defendants Motion to Dismiss." The Motion shall be denied, however, the information it contains has been considered as a response to Defendants' dispostive motion.

Plaintiff states that officers on the tier were also affected by the pepper spray and opened the back door to the tier so they could breathe easier. He claims that on one occasion the medication nurse wore a surgical mass during her rotation on the tier. *Id.*

Plaintiff states that on March 3, 2013, he learned that a water pipe burst, as a result, his dirty laundry was not collected. Later that morning an announcement was made not to drink the water. At approximately 10:00 a.m. the water in his sink and toilet were turned off. Plaintiff states that over the next several hours he requested his water be turned back on but was advised it would "be awhile." Plaintiff states that neither he nor his cellmate could hold their waste any longer and were forced to use the toilet without being able to flush it. Plaintiff indicates that the entire cell smelled of feces and urine and he could not move more than 5 feet away from the toilet. Plaintiff states that his window was not opened and he was locked in his cell with the waste for 13 hours. He states he could not eat lunch or dinner which were brought to his cell because of "the atmosphere" in his cell. *Id.*

### Standard of Review

A.   Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 563. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873

(4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

B.   Motion for Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp*. *v*. *Catrett*, 477 U.S. 317, 323-24 (1986)).

3

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

## Analysis

The court must first examine the Defendants' assertion that Plaintiff's case should be dismissed in its entirety because Plaintiff failed to exhaust available administrative remedies. The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted

4

the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations. His complaint must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the warden of the prison is the first of three steps in the ARP process. The Division of Correction's Directive on Administrative Remedy Procedures, DCD # 185-002 (August 27, 2008), outlines the ARP process. The ARP must be filed within 30 days of the date on which the incident occurred, or 30 days of the date the inmate first gained knowledge of the incident or injury giving rise to the

5

complaint, whichever is later.  *See* DCD # 185-002, § VI. L.3.  If the request is denied, a prisoner has thirty calendar days to file an appeal with the Commissioner of Correction.  *See* DCD # 185-002, VI. M.1.  If the appeal is denied, the prisoner has thirty days to file a grievance with the Executive Director of the Inmate Grievance Office.  *See* Md. Code Ann. Corr. Serv. **§§** 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03; *see also* DCD # 185-002, §VI.N.1.  To show exhaustion, the Plaintiff must demonstrate that he appealed his grievance through all three steps in the administrative process.

The record evidence demonstrates and Plaintiff concedes that he did not file any requests for administrative review regarding any of the claims raised in his complaint.  ECF No. 12, Exhibits 3 & 4.  He first claims that he failed to do so because he saw that others had attempted to grieve the issues with the ventilation system to no avail. ECF No. 15.  Futility, however, is no exception to a prisoner's duty to exhaust.  *Booth v. Churner*, 532 U.S.7231 (2001).

Alternatively, he claims he was not required to institute administrative review because of the "imminent danger" exception to the requirement of exhaustion under the PLRA.  *Id*.  Plaintiff misunderstands the law.  The "imminent danger" exception is available to inmates who have previously received three strikes under the PLRA and therefore are no longer permitted to proceed in forma pauperis.  *See* in 28 U.S.C. § 1915(g).  Plaintiff is not such a litigant.  Moreover, the "imminent danger" exception simply excuses the inmate from having to pay the fee at the time the suit is brought; it does not excuse the duty to exhaust.  *See McAlphin v. Toney*, 375 F.3d 753 (8th Cir. 2004) (refusing to recognize "imminent danger" exception to PLRA's exhaustion requirement and holding inmate who was allowed to proceed in forma pauperis under imminent danger exception to "three strikes" restriction was still required to meet exhaustion requirement of PLRA); *Jensen v. Knowles*, 621 F. Supp. 2d 921 (E.D. Cal. 2008) (absence of express exception

in 28 U.S.C. §1997e precludes the argument that imminent danger may excuse exhaustion); *see also Arbuckle v. Bouchard,* 92 Fed.Appx. 289, 291 (6th Cir. 2004)("[Plaintiff's] argument that he was not required to exhaust his administrative remedies because he faced a risk of immediate harm is without merit. The PLRA does not excuse exhaustion for prisoners under imminent danger of serious physical injury."); *Fuller v. Myers,* 123 Fed.Appx. 365, 367–68 (10th Cir. 2005); *Yisrael v. Whitener* 2013 WL 4784111 (W.D.N.C. 2013) ("Plaintiff contends, however, that he is not required in this case to exhaust his administrative remedies because he is in danger of imminent harm. This contention is without merit, as the PLRA does not excuse exhaustion for prisoners under imminent danger of serious physical injury.").

The record contains no evidentiary support for Plaintiff's allegation that the poor ventilation in his cell placed him in imminent danger of physical harm. To the contrary, Plaintiff was inconvenienced and made uncomfortable by the use of mace/pepper spray elsewhere in the facility, for approximately one hour on a handful of occasions. Further, he suffered a stench in his cell for, at most, 13 hours when an unexpected plumbing problem caused water to be turned off in his cell. None of the events described by Plaintiff amount to an imminent threat to his health. Plaintiff has clearly failed to exhaust available administrative remedies and as such his complaint shall be dismissed.

**Conclusion**

The dispositive motion filed on behalf of Defendants will be granted. The Complaint shall be dismissed without prejudice for failure to exhaust administrative remedies. A separate order follow.

Date: February 11, 2014 _____/s/_____
DEBORAH K. CHASANOW
United States District Judge

7